

# United States Bankruptcy Court
# for the District of Oregon

**Thomas M. Renn, Judge**
Virginia H. Denney, Judicial Assistant
Howard J. Newman, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050

August 28, 2015

Mr. Michael Wiley Franell
724 S. Central Avenue, Suite 113
Medford, OR 97501

Mr. Carl S. Clyde
133 NW D Street
Grants Pass, OR 97526

RE: KREIN v. SZEWC, et al.; Adversary Proceeding No. 14-6086-tmr
Defendant's Motion to Strike
Dismissal of Cheryl June as Plaintiff

SZEWC, Karen Michele & UPDEGRAFF, Jon Edwards
Bankruptcy Case No. 14-60928-tmr7
Debtors' Motion for Sanctions

Counsel:

The Court has reviewed the above-referenced Motion to Strike portions of Plaintiffs' Motion for Summary Judgment and portions of their Amended Concise Statement. The Motion will be denied and an appropriate order entered. First, the Motion is based on FRCP 12(f) (made applicable by FRBP 7012(b)). However, FRCP 12(f) only applies to a "pleading." The types of allowable pleadings are listed in FRCP 7(a) (made applicable by FRBP 7007). FRCP 7(a) does not list a "motion for summary judgment" as a type of pleading. Further, the Motion fails to comply with LBR 7007-1(a)'s Certification requirement. The Court, however, will consider the Motion as further argument in opposition to the Motion for Summary Judgment and the Amended Concise Statement in support thereof.

As to the above-referenced Motion for Sanctions, by minute order entered June 11, 2015, Debtors were given 14 days to provide Respondents with a specific list of damages. The parties were to then discuss discovery, scheduling deadlines, and any other matter at issue, and report to the Court by July 31, 2015, as to the status thereof, including whether a stipulated scheduling order will be forthcoming, or a further status/scheduling hearing is necessary. No party has filed

Messrs. Franell & Clyde
August 28, 2015
Page-2

the required Report. Debtors have 21 days from this letter's date to do so. Failing such, their Motion will be denied with prejudice, based on failure to prosecute.

Finally, there is one pleading matter the Court would like to address. At a hearing on December 3, 2014, Mr. Franell advised the Court that only the Kreins would be proceeding as plaintiffs in the state court case. In fact, the state court judgment reflects this. However, in the adversary proceeding, Ms June remains a nominal Plaintiff. The Court assumes this is an oversight and will be entering an order dismissing her as Plaintiff. Because this issue is being raised sua sponte, the order will be subject to objection by any party in interest within 14 days of its entry.

Very truly yours,

THOMAS M. RENN
Bankruptcy Judge

TMR:vhd